Kaplan, Mitchell H., J.
Plaintiff, David Phaneuf, brings this action to appeal from a decision of the Board of Appeal on Motor Vehicle Liability Policies and Bonds (the “Board”)[1] denying him a limited license on the grounds of hardship following the suspension and subsequent revocation of his license to operate a motor vehicle in Massachusetts. The matter is before the court on Phaneuf s motion for judgment on the pleadings. For the reasons set forth below, the motion is denied in part and allowed in part, and the Board’s decision is, for the most part affirmed, but remanded for further consideration in view of an error in law.
BACKGROUND
On January 29, 2006, Phaneuf was arrested for operating under the influence of alcohol. He refused to take a breathalyzer. Because he had a prior OUI conviction, his refusal to submit to the breathalyzer resulted in the immediate suspension of his license for a period of three years pursuant to G.L.c. 90, §24(l)(f)(l).[2] On November 29, 2006, he was convicted in the Worcester District Court of OUI as a result of that incident. That conviction resulted in the revocation of Phaneuf s license under §24(b), and, because he had both a prior OUI conviction and prior assignment to an alcohol rehabilitation program within the previous ten years, the registrar was prohibited from restoring his license or reinstating his right to operate until eight years after the date of his conviction, subject to Phaneufs right to apply for a so-called “hardship” restricted license for employment or education purposes two years following the date of conviction. See §24(1) (c)(3).
Phaneuf applied for a hardship license and was granted a hearing on his application on October 24, 2008. He was represented by counsel at that hearing. In its decision, the Board found that Phaneuf had managed to attend work and his children’s activities, although with difficulty, and, therefore that he had failed to demonstrate any extraordinary hardship. The Board also noted that Phaneuf failed to provide any proof of ongoing alcohol treatment or counseling, which was of concern to the Board because Phaneuf had been granted relief from the earlier OUI license suspension, but failed to maintain sobriety, resulting in yet another OUI and the present suspension.
The Board also noted that Phaneuf had applied for a hardship license before completing his mandatory three-year suspension for refusing the breathalyzer and held that Phaneuf “would not be considered for hardship relief while he is on [this] suspension, and thereafter he shall be eligible after serving two years of the eight-year OUI revocation.” The Board concluded by stating that Phaneuf “is allowed to re-apply for further hardship consideration on or after January 2011.”
DISCUSSION
General Laws c. 30A, §14, grants any person aggrieved by a decision of any agency in an adjudicatory proceeding the right to appeal that decision to the Superior Court. Unless irregularities in the agency proceedings are alleged, the court’s review is confined to the administrative record. G.L.c. 30A, §14(5). Phan-euf, as the appealing party, bears the burden of demonstrating that the Board’s decision is invalid. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bonds, 27 Mass.App.Ct. 470, 474 (1989).
In reviewing the Board’s decision, this court is required to “give due weight to the experience, technical competence, and specialized knowledge of the [BoardI, as well as to the discretionary authority conferred upon it.” G.L.c. 30A, §14(7). The decision may be set aside only “if the court determines that the decision is unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law.” Doe v. Sex Offender Registry Bd., 447 Mass. 779, 787 (2006), citing G.L.c. 30A, §14(7)(e), (g). “If [the Board] has, in the discretionary exercise of its expertise, made a choice between two fairly conflicting views, and its selection reflects reasonable evidence, [a] court may not displace [the Board’s] choice . . . even though the court would justifiably have made a different choice had the matter been before it de novo.” Lisbon v. Contributory Retirement Appeal Bd., 41 Mass.App.Ct. 246, 257 (1996) (internal quotation marks and citations omitted).
G.L.c. 90, §24(1) (c)(3) prohibits reinstatement of Phaneufs right to operate until eight years have passed since his conviction on November 20, 2006.[3] The statute, however, permits the registrar to issue a restricted license “on the grounds of hardship and a showing by the person that the causes of the present and past violations have been dealt with or brought under control.” The decision to do so is left to the discretion of the registrar. G.L.c. 90, §24(l)(c)(3). In the *221 exercise of this discretion, the registrar, and subsequently the Board, declined to issue a hardship license to Phaneuf because, in their view, Phaneufs history of significant alcohol abuse, repeated OUI offenses and failure to offer proof of continuing counseling or treatment, coupled with Phaneufs ability to manage his work and family obligations, did not warrant hardship relief, at this time. The Board’s decision clearly was not arbitrary or capricious, and was supported by substantial record evidence.
This case, however, does raise further issues concerning the relationship between subsections (l)(c)(3) and (l)(f)(l) of §24. The latter subsection clearly states that a suspension for refusal to submit to a chemical test or analysis of breath or blood becomes effective immediately upon receiving notice of the suspension from the police officer who witnessed the refusal, and, further, such suspension “shall run consecutively and not concurrently, ... as to any additional suspension periods arising from the same incident. . .” In consequence, in this case the three-year suspension that Phaneuf received under this subsection began on the date of his arrest and the revocation of his license under subsection (l)(c)(3) commenced on January 29, 2009, following the completion of that three-year suspension period. Notwithstanding Phaneufs arguments to the contrary, there is no other sensible interpretation of these subsections or application of them to the facts presented by Phaneufs appeal. To have the periods run concurrently would be directly contrary to the words of statute. The (l)(f)(l) suspension must begin first, as it is immediately effective on notice from the arresting officer, while the (l)(c)(3) revocation begins only upon conviction.
Subsection (l)(f)(l) also provides that: “No license or right to operate shall be restored under any circumstances and no restriction or hardship permits shall be issued during the suspension period imposed by this paragraph ...” Phanuefs suggestion that this explicit restriction does not apply to a hardship request for a restricted license under (l)(c)(3) is unavailing. He was not entitled to a hardship license until the immediate and mandatory three-year suspension period terminated on January 28, 2009.[4]
In its decision, the Board also stated that: “[t]he statute provides for hardship consideration after [Phaneuf] has competed [sic] two years of his eight-year suspension.” In this regard, the Board is in error. (1) (c) (3) states that a person whose right to operate has been revoked under (l)(b) may apply for a hardship license “after the expiration of two years from the date of conviction.” The subsection contains no requirement that a person complete two years of a (c)(3) suspension, if he has already served three years of an (f)(1) suspension. The Board argues that it may interpret the phrase that allows a person to apply for a hardship license two years after his “conviction” as meaning two years after his (c) (3) suspension has been completed, when that start date of that suspension is delayed as a result of the imposition of an (f)(1) suspension.
This issue does not involve a matter of statutory interpretation. It simply requires application of the express language of the statute. Neither the Board, nor a court, can add a provision that the Legislature did not include. See General Electric Company v. Department of Environmental Protection, 429 Mass. 798, 803 (1999). The right to apply for a hardship license arises two years after “conviction.” That is what the statute says.
Presumably, based on its erroneous interpretation of this subsection, the Board concluded that Phaneuf “will be eligible for [hardship] consideration on or after January 2011,” and “allowed [him] to re-apply for further hardship consideration on or after” that date. Whether Phaneuf should receive a hardship license, and when the Board will entertain another application, having in mind the reasons for its denial this time, are left to the Board’s sound discretion. However, because this part of the Board’s decision may have been influenced by its misinterpretation of the statute, the matter should be remanded for reconsideration of the question: when may Phaneuf re-apply.
ORDER
For the foregoing reasons, Phaneufs motion for judgment on the pleadings is DENIED to the extent that seeks reversal of the Board’s denial of his request for a hardship license; and the Boards decision is AFFIRMED, except for that part that states that Phan-euf may not reapply for a hardship consideration until Januaiy 2011. As to that part of the Board’s decision, the matter is remanded to the Board for further consideration consistent with this Memorandum of Decision and Order.

The defendant to this action is properly the Board not the Registrar of Motor Vehicles (the “registrar”). The defendant filed a motion to substitute the Board as the defendant at the time of the hearing on the instant motion. Additionally, the Board filed the administrative record in this matter as the answer to the complaint and an opposition to Phaneufs motion. The court will, therefore, proceed as if the Board had been named as the defendant at the time this action was filed.

The registrar ordered a five-year suspension under this subsection (l)(f)(l), but the Board properly reduced it to three years, because Phaneuf had only one prior OUI conviction.

§24(I)(c)(3) provides, in pertinent part, “Where the license or right to operate of any person has been revoked [as a result of an operating under the influence conviction] and such person has been previously convicted . . . because of a like offense by a court of the commonwealth or any other jurisdiction two times preceding the date of the commission of the crime for which he has been convicted the registrar shall not restore the license or reinstate the right to operate to such person . . . until eight years after the date of the conviction

The Board suggests in its decision that it could have modified that suspension. The court is dubious of that assertion, but need not address it in this case.